SCHNEIDER v. FINKELSTEIN.

(Supreme Court, Appellate Term. November 29, 1907.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE—INSTRUCTIONS.
     Where, in an action for making certain excavations, there was evidence that defendant employed plaintiff to make an excavation in defendant's yard, and at the same time instructed plaintiff to do anything that a third person, then present, should direct, and that the third person on behalf of defendant, employed plaintiff to excavate a cellar, the question whether defendant's instruction was a general authorization to the third person, which authorized him to employ plaintiff to excavate the cellar, was for the jury; and an instruction authorizing a verdict for plaintiff, on finding that defendant directed plaintiff to do anything that the third person told him to do, was erroneous.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charles Schneider against Morris F. Finkelstein. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Charles Stein, for appellant.
Douglas Mathewson, for respondent.

GILDERSLEEVE, P. J.   The defendant appeals from a judgment rendered in favor of the plaintiff.   The plaintiff claims that he first took a contract to excavate the earth and rock in a space 12x12x7 feet, for which defendant agreed to pay the sum of $150; that when this contract was made there was present one Cohen, who, plaintiff claims, had some sort of general supervision over the work then being done on defendant's premises; and that at this time, the defendant told the plaintiff "to do whatever Mr. Cohen told me to do."   Subsequently, and about the time the excavating in the yard had been completed, the plaintiff testifies that Cohen asked him what he would do the excavating in a cellar to be made under the building for, and, upon being told "the reasonable cost and 10 per cent. for profit," Cohen said he would see the defendant and report.   Later on Cohen said to the plaintiff, "All right! go ahead," which was done by him, and the work of excavating the cellar completed.   For this he claims an extra compensation of about $320.   The defendant admits that he agreed with plaintiff to do certain excavating, but claims that plaintiff agreed to do the entire work and remove the earth and stone from both the yard and cellar for said sum of $150; that no extra work was done; that Cohen had no supervision over the work, and no authority to direct the work, or employ the plaintiff to perform any work, and both he and Cohen deny the statement of plaintiff that, when the contract for excavating the yard was made, the defendant said to plaintiff, "Do whatever Mr. Cohen tells you to do," or that in substance, and Cohen denied that he agreed with or directed plaintiff to excavate the cellar.

Nothing but questions of fact are involved herein, and we should be disposed to permit the verdict of the jury to stand, were it not for a serious error in the charge of the learned trial judge.   The judge charged the jury as follows:

"I charge you, if the fact is that the defendant, Finkelstein, told this plaintiff to do anything that Mr. Cohen told him to do, that was a sufficient authority to Cohen to employ Mr. Schneider for Mr. Finkelstein in the prosecution of that work.   But, before the law should be applied, you must first believe and find the fact to be that Mr. Finkelstein did tell Schneider to do anything that Mr. Cohen should tell him to do.   I charge you that, if he did, that would be sufficient to bind his credit for anything that Cohen told him to do there, remembering at the same time the contention by the defendant that no extra work was done at all—that all this was done under the original contract between him and the plaintiff to do all the excavating, not only in the yard, but in the cellar as well."

To that portion of the charge in which the court said "that the conversation between Mr. Finkelstein and Mr. Schneider, when Mr. Finkelstein is alleged to have said that he should do anything that Mr. Cohen says, is sufficient authority to bind the defendant," the defendant excepted.   We think, under the facts shown in the case,

this portion of the charge was too broad. The plaintiff's own testimony shows that his first contract was made with the defendant personally, by the terms of which he was to do the work of excavating, etc., only upon a lot of land 12x12x7 feet, and it was at the time this contract was made that, as he testifies, the defendant instructed him to do anything that Cohen told him to do. It is mainly upon that alleged direction that the plaintiff relies to show authority in Cohen to agree with him upon the terms for the excavating for the cellar. Whether or not such direction, if given at all, had reference only to the excavating to be done in the yard, because at that time, according to the plaintiff, nothing had been said about excavating the cellar, or whether it meant a general authorization to Cohen to direct to be done in and about the defendant's premises whatever he saw fit, was a question for the jury to say, from all the testimony and a legitimate inference to be drawn therefrom, and that portion of the charge excepted to entirely eliminated that question from the consideration of the jury. Under the instruction given, if the jury found that the words testified to by the plaintiff were used by the defendant, they must find, as a matter of law, that such direction applied to all the work then being done in and around the premises, and not alone to the work of excavating in the yard. The case was sharply contested, and there was a serious conflict in the testimony upon the facts, and what effect this erroneous instruction might have had upon the minds of the jury it is impossible to say.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.